# IN THE COURT OF APPEALS OF IOWA

No. 20-0220
Filed April 15, 2020

**IN THE INTEREST OF K.P.,**
**Minor Child,**

**K.P., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.


　　　The mother appeals a combined order of dispositional review and confirming removal of the child from the mother's care. **AFFIRMED**.


　　　Elizabeth A. Batey of Vickers Law Office, Greene, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　Cynthia S. Schuknecht of Noah, Smith, Schuknecht & Sloter, P.L.C., Charles City, attorney and guardian ad litem for minor child.


　　　Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

This appeal involves a child-in-need-of-assistance (CINA) dispositional review order issued by the juvenile court. K.P. is a two-year-old child and is the youngest of the mother's eight children. The mother's oldest seven children are K.P.'s half-siblings. All eight children have, at various times, been subject to CINA proceedings. The current CINA proceedings involving K.P. resulted in K.P. being adjudicated a child in need of assistance based on lack of supervision due to domestic violence, drug use, and neglect in the home. Custody of K.P. was placed with both parents, with the parents equally sharing custody of the child.[1]

In December 2019, the father of K.P.'s seven half-siblings died, creating further turmoil in the family and stress on the mother's ability to parent the children. Around the same time, a video was provided to the Iowa Department of Human Services (DHS) appearing to depict the mother snorting a substance, which was believed to be drugs in light of the mother's substance-abuse history. As a result of the video, the mother's requested need for "breaks" from the children, and the mother's erratic behavior,[2] an ex parte removal order was obtained. When DHS workers arrived at the home to execute the removal order, the children were there, but neither the mother nor any other adult was home. The older children, who were left to watch the younger children, including K.P., did not know where the

---

[1] The children were placed with both parents after a previous appeal in this case in which our court reversed the juvenile court's order removing the children from both parents. *See In re K.P.*, No. 19-0470, 2019 WL 2524137, at *3 (Iowa Ct. App. June 19, 2019). Our decision today takes into account events that have occurred since that prior decision.

[2] The mother engaged in a physical altercation with her own mother at the funeral of the half-siblings' father.

mother was. A phone call from the DHS worker to the mother revealed the mother was attending a sporting event out of town and was forty minutes away.

Following the emergency removal of K.P., a hearing was scheduled pursuant to Iowa Code section 232.95 (2019). The removal hearing was held in conjunction with a previously-scheduled CINA dispositional review hearing, pursuant to Iowa Code section 232.102(9). After the contested hearing, the juvenile court confirmed the removal of K.P. from the mother's care and custody and placed the child in the temporary custody of her father, essentially changing the father's time with the child from half-time to full-time, subject to supervised visits for the mother. The mother appeals from this ruling.

We review CINA proceedings de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). While we are not bound by the juvenile court's factual findings, we accord them weight. *Id.* Ultimately, our principal concern is the best interest of the child. *Id.* In determining the best interests of the child, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future. *Id.*

As one would expect, the mother seeks reversal of the juvenile court's ruling by challenging the facts as found by the juvenile court, accentuating any positive facts and attempting to minimize the importance of various negative facts. The mother places great emphasis on her own self-serving testimony that, although admitting that she is the woman depicted in the video, she was sniffing because she had a cold and was holding her hands up to her face because she was embarrassed by being recorded on video. The juvenile court had the opportunity to observe the mother in person and found her testimony lacking in credibility by

finding the mother was clearly snorting some type of substance while being recorded on the video.

The mother also places great emphasis on numerous negative drug tests to which she has submitted. However, the mother ignores the fact that she has been found to have taken efforts to sabotage drug testing and has been believed to have been successful in such efforts due to the fact the mother has had negative drug tests during times when it would have been expected she would test positive given her admissions of use.

Perhaps most importantly, the mother's position ignores the big picture. The video by itself may not have ultimately warranted the action taken by the juvenile court. However, when placed in context, it is a piece in a bigger picture. That picture includes the fact that the mother was overwhelmed taking care of all eight children even when she had the help of the father of the oldest seven. After the father of the oldest seven died, the mother was, understandably, observed to be emotionally distraught and even more overwhelmed with her parenting responsibilities. During that fragile time, the video was made showing the mother snorting some type of substance in spite of her claim that she has maintained sobriety. Given the mother's failure to adequately address her mental-health issues and continued drug use, the juvenile court did not err in determining the mother's actions, when viewed in total, demonstrated a lack of proper supervision and imminent risk to this young child.

Based on our de novo review, we affirm the juvenile court's order confirming removal of the child from the mother's care and custody and placing the child in the sole care and custody of the father subject to the mother's supervised

visitation. The juvenile court scheduled an additional dispositional review hearing for early May 2020. The mother will have the opportunity to present evidence at that hearing that she has regained her footing so as to be a viable placement option at that time.

**AFFIRMED**.